IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIE J. PEEKS,

      Petitioner,

  v.                                      CASE NO. 2:08-CV-953
                                          JUDGE WATSON
                                          MAGISTRATE JUDGE KING

MICHAEL SHEETS, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition and petitioner's brief in support, respondent's return of writ and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On January 25, 2005, a Franklin County Grand Jury indicted appellant for three counts of robbery in violation of R.C. 2911.01, six counts of robbery in violation of R.C. 2911.02, one count of aggravated robbery in violation of R.C. 2911.01 with a firearm specification pursuant to R.C. 2941.141, two counts of robbery in violation of R.C. 2911.02 with firearm specifications pursuant to R.C. 2941.145 and 2941.141, one count of tampering with evidence in violation of R.C. 2921.12, and one count of having a weapon while under disability in violation of R.C. 2923.13. The charges arose out of four robberies appellant committed during December 2004 and January 2005. Appellant displayed a knife during three of the robberies and

> a gun at the fourth.
>
> Appellant initially entered a not guilty plea to the charges. Before trial, however, appellant entered a guilty plea to four counts of aggravated robbery without any firearm specifications. The trial court accepted appellant's guilty plea, found him guilty, and dismissed the remaining charges. The trial court sentenced appellant to eight-year prison terms for each count. Although the trial court ordered two of those sentences to be served concurrently, it ordered the other two sentences to be served consecutively, for a total prison term of 16 years. Appellant's counsel objected to the sentence based on the United States Supreme Court's decision in *Blakely v. Washington* (2004), 542, U.S. 296, 124 S.Ct. 2531. The trial court overruled appellant's objection and imposed sentence.

*State v. Peeks,* 2006 WL 3438669 (Ohio App. 10th Dist. November 30, 2006)(footnote omitted).

Petitioner filed a timely appeal, in which he raised the following assignment of error:

> The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.

*See id.* On November 30, 2006, the appellate court affirmed the judgment of the trial court. *Id.* The Ohio Supreme Court accepted petitioner's case for discretionary review, and held the case for decision in *State v. Payne,* 114 Ohio St.3d (2007). *State v. Peeks,* 113 Ohio St.3d 1440 (2007). On October 24, 2007, the Ohio Supreme Court affirmed the judgment of the appellate court. *State v. Peeks*, 116 Ohio St.3d 31 (2007).

> On September 16, 2008, appellant filed a motion styled "Motion to Vacate [Conviction] For Lack of Jurisdiction," pursuant to Civ.R. 60(B)(4), (5), and (6). The trial court denied appellant's motion on the authority of *State v. Colon*, 119 Ohio St.3d 204, 893 N.E.2d 169, 2008-Ohio3749 *("Colon II")*.
>
> Appellant timely appealed and raise[d] the following

2

assignment of error:

> BY FAILING TO CHARGE ANY LEVEL OF MENS REA FOR THE SERIOUS PHYSICAL INJURY ELEMENT OF AGGRAVATED ROBBERY, UNDER R.C. 2911.01(A)(1), THE INDICTMENT FAILED TO PROPERLY CHARGE MR. PEEKS AND FAILED TO GIVE HIM NOTICE OF THE CHARGES AGAINST HIM. THIS ERROR VIOLATED MR. PEEKS'S CONSTITUTIONAL RIGHTS OF INDICTMENT BY A GRAND JURY AND TO DUE PROCESS THEREFORE THE COURT ABUSED [ITS] DISCRETION WHEN IT DENIED THE MOTION TO VOID JUDGMENT THAT ASSERTED THAT THE COURT LACKED JURISDICTION.

*State v. Peeks*, 2009 WL 840662 (Ohio App. 10th Dist. March 31, 2009). On July 29, 2009, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Peeks*, 122 Ohio St.3d 1481 (2009).

On October 14, 2008, petitioner filed the *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent based on the following grounds:

> 1. The sentence imposed by the trial court was unconstitutional and violated . . . *Blakely [v.] Washington*.
>
> 2. The court lacked jurisdiction and thus violated the petitioner's Fifth Amendment right to a fair trial and Fourteenth Amendment right to due process because the indictment lacked the essential mens rea elements for the offense.

It is the position of the respondent that claim two is procedurally defaulted and without merit, and that claim one is without merit.[1]

---

[1] Respondent also contends that claim two remains unexhausted; however, petitioner has, since the filing of the Return of Writ, exhausted state court remedies as to this claim. *See Order*,

3

# CLAIM ONE

In claim one, petitioner asserts that the trial court's imposition of consecutive terms of incarceration violated *Blakely v. Washington*, 542 U.S. 296 (2004). The state appellate court rejected this claim as follows:

> Appellant's assignment of error challenges the trial court's imposition of consecutive sentences. Former R.C. 2929.14(E)(4) allowed a trial court to impose consecutive sentences only if the trial court made certain findings. However, after appellant's sentencing, the Supreme Court of Ohio held that R.C. 2929.14(E)(4) unconstitutionally required judicial fact-finding in violation of the Sixth Amendment to the United States Constitution and *Blakely. State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio856. As a result, the Court severed R.C. 2929.14(E)(4) from Ohio's sentencing statutes, thereby allowing the trial court the discretion to impose consecutive sentences without making any specific findings. *Foster* at ¶ 99-100. The Court also stated that cases pending on direct review must be remanded to the trial courts for new sentencing hearings not inconsistent with the decision. *Id.* at ¶ 104.
>
> In this case, the trial court sentenced appellant to consecutive prison terms based on findings it made pursuant to R.C. 2929.14(E)(4). The State concedes that the trial court erred by imposing a consecutive sentence based on these findings. The State argues, however, that pursuant to *Washington v. Recuenco* (2006), 548 U.S. ---- 126 S.Ct. 2546, *Blakely-Foster* error is not a structural error, and therefore must be evaluated using a harmless error analysis. *Id.* at 2553. See, also, *State v. Dettman* (Minn.2006), 719 N.W.2d 644, 655 (applying *Recuenco* to determine whether *Blakely* error was harmless); *State v. Norris* (N.C.2006), 630 S.E.2d 915, fn. 2 (noting application of harmless error to *Blakely* errors after *Recuenco* ). Under such an analysis, a constitutional error does not require reversal if the error was harmless beyond a reasonable doubt. *State v. Conway*, 108 Ohio St .3d 214, 2006-Ohio-791, at ¶ 78. The State argues that the

---

Doc. No. 17.

*Blakely-Foster* error committed by the trial court is harmless.

Appellant contends that the harmless error analysis is improper because the Supreme Court of Ohio in *Foster* stated that a sentence based on R.C. 2929.14(E)(4) is void, thereby requiring a remand for resentencing. *Foster* at ¶ 103. Appellant notes that *Foster* did not acknowledge that such errors could be harmless; they simply remanded all cases for new sentencing hearings. Appellant also contends that even if a harmless error analysis is appropriate, this court should remand the matter for the trial court to determine whether or not the error was harmless.

This court has previously held that a *Blakely-Foster* error is waived if the defendant failed to object in the trial court. *State v. Draughon,* Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 7. Relying on language from the United States Supreme Court in *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, we applied the well-settled doctrine of waiver to overrule Draughon's *Blakely-Foster* challenge, even though we acknowledged the language in *Foster* that seems to require a remand for resentencing. Our reasoning rested on the difference between a void and voidable judgment. *Draughon* at ¶ 7-8.

Notwithstanding the language in *Foster* that declared sentences imposed pursuant to an unconstitutional statute void, the assumption underlying our decision in *Draughon* was that a *Blakely-Foster* error rendered his sentence voidable-not void. A voidable error can be waived. See *State v. Barnes* (1982), 7 Ohio App.3d 83, 85 (failing to object to voidable order waived any error); *State v. Grimm* (Apr. 25, 1997), Miami App. No. 96CA-37 (failure to object to voidable defect waives issue on appeal); *Trotwood v. Wyatt* (Jan. 21, 1993), Montgomery App. No. 13319 (voidable defects waived on appellate review if not raised below). The distinction between void and voidable judgments is crucial to the resolution of this case.

A void judgment is one rendered by a court lacking subject-matter jurisdiction or the authority to act. *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 12; *State v. Beasley* (1984), 14

Ohio St.3d 74, 75. A voidable judgment, on the other hand, is a judgment rendered by a court having jurisdiction/authority and, although seemingly valid, is irregular and erroneous. *State v. Montgomery,* Huron App. No. H-02-039, 2003-Ohio-4095, at ¶ 9. Generally, sentencing errors are not jurisdictional and, therefore, do not render the sentence void. See *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443 (noting that "[w]e have consistently held that sentencing errors are not jurisdictional * * *."); *Johnson v. Sacks* (1962), 173 Ohio St. 452, 454 ("The imposition of an erroneous sentence does not deprive the trial court of jurisdiction.").

Although *Foster* states that sentences imposed pursuant to R.C. 2929.14(E)(4) are void, the court did not address the difference between a void and voidable sentence in its decision. The court cited *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, which held that a sentence is void when it does not contain a statutorily mandated term. *Id.* at ¶ 23. In turn, the *Jordan* court relied on *Beasley,* supra, for this proposition of law. In *Beasley,* the applicable sentencing statute mandated a prison term and in addition, allowed for an optional fine. The trial court disregarded the statute and only imposed a fine. The *Beasley* court held that the trial court acted without authority by disregarding the statutory sentencing requirements, rendering the "attempted sentence" a nullity or void. *Id.* at 75. See *State ex rel. Maxwell v. Kainrad,* Portage App. No.2004-P0042, 2004-Ohio-5458, at ¶ 5 (noting that *Beasley* involved trial judge acting beyond jurisdiction). Similarly, the trial court in *Jordan* also disregarded a statutory requirement in its sentencing. The trial courts in these cases did not merely commit a sentencing error. They acted beyond their authority by disregarding statutory requirements. Thus, these cases properly stand for the proposition that a sentence is void where a trial court acts without jurisdiction/authority.

However, these cases do not support the proposition that an erroneous sentence is automatically void. Because a sentence rendered unlawful by *Blakely-Foster* does not call into question the trial court's jurisdiction/authority, such a sentence is voidable-not void. We again note that the void-voidable

6

distinction was not addressed in *Foster.* Given the absence of any analysis of this important distinction, we conclude that appellant's reliance on the *Foster* court's use of the word "void" is misplaced. Cf. *Kelley v. Wilson,* 103 Ohio St.3d 201, 2004-Ohio-4883, at ¶ 14 ("[D]espite our language in *Green* that the specified errors rendered the sentence 'void,' the judgment was voidable and properly challenged on direct appeal."); *State v. Parker,* 95 Ohio St.3d 524, 2002-Ohio-2833, at ¶ 20-26 (Cook, J., dissenting) (noting majority's confusion between void and voidable judgment).

In this case, there is no question that the trial court had jurisdiction/authority to impose the sentence. The trial court did not disregard a statutory requirement or exceed its authority when it sentenced appellant. Rather, the trial court erred by sentencing appellant under a statute that was subsequently declared unconstitutional and severed from the statutory scheme by the *Foster* court. Sentencing errors such as this are not jurisdictional errors that would render a sentence void. See *Majoros,* supra, at 443 (allegation that trial court applied statute not in effect at time of sentencing would only raise non-jurisdictional sentencing error). Instead, the erroneous sentence in this case is merely voidable.

Therefore, a remand for resentencing is not mandatory. We may reverse only if the *Blakley-Foster* error challenged on appeal is not harmless. *Recuenco,* supra.

After examining the purpose and effect of R.C. 2929.14(E)(4), we conclude that the *Blakely-Foster* error committed by the trial court was harmless beyond a reasonable doubt. A trial court's application of the statutory sentencing scheme in existence before *Foster* only benefitted defendants. Before *Foster,* a trial court had to make a number of findings before it could sentence a defendant to consecutive sentences. These required findings limited the trial court's sentencing discretion and prohibited consecutive sentences unless each and every finding was made. However, even if the trial court made the findings, the statutory scheme did not require the trial court to impose consecutive sentences. After *Foster,* trial courts have "full discretion" to sentence defendants to consecutive sentences

7

> and do not need to make any findings to support their decision. *Foster,* paragraph seven of the syllabus. Thus, it was more difficult for a trial court to impose consecutive sentences before *Foster* than it is now. Consequently, the error committed by the trial court when it sentenced appellant to consecutive sentences pursuant to R.C. 2929.14(E)(4) benefitted appellant and, therefore, was harmless beyond a reasonable doubt. Such an error does not require reversal.
>
> Because we reach this conclusion as a matter of law, there is no need to remand this case to the trial court for resentencing or for a determination of harmless error. Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*State v. Peeks, supra*, 2009 WL 840662. The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*.

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here. Moreover, in *Oregon v. Ice*, – U.S. –, 129 S.Ct. 711 (2009), the United States Supreme Court held that the imposition of consecutive terms of incarceration based on judicial fact finding does not violate *Blakely*.

Therefore, claim one is plainly without merit.

9

# CLAIM TWO

In claim two, petitioner asserts that the trial court lacked jurisdiction because the indictment failed to include "the essential mens rea elements for the offense[s]" of aggravated robbery and that he was thereby denied notice of the charges against him, his right to indictment by a grand jury and due process. The state appellate court rejected petitioner's claim in relevant part as follows:

> Appellant argues that the indictment in the instant matter was defective, pursuant to *State v. Colon*, 118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624 *("Colon I")*. In *Colon I,* the Supreme Court of Ohio held that the mens rea for the offense of robbery under R.C. 2911.02(A)(2) was recklessness. The indictment at issue in *Colon* failed to set forth the mens rea of recklessness, and thus the court determined the indictment to be defective and concluded that the defective indictment resulted in a lack of notice to the defendant of the mens rea required to commit the offense. The court further determined that such defect permeated the entire criminal proceeding because it found there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery. The state had not argued that the defendant's conduct was reckless. Nor was the jury instructed by the trial court as to recklessness being an element of the crime when it instructed the jury. Finally, the court noted that in closing argument, the prosecuting attorney treated robbery as a strict-liability offense. For these reasons, the Supreme Court of Ohio held structural error occurred and reversed Colon's convictions.
>
> On reconsideration, the Supreme Court in *Colon II* clarified that the application of *Colon I* was prospective and applies only to cases pending on the date *Colon I* was announced. The Supreme Court issued *Colon I* on April 8, 2008. As of that date, appellant's case below was not pending and had been long concluded. Thus, even assuming that *Colon I* applies to cases brought pursuant to R.C. 2911.01, the trial court did not err in denying appellant's motion.

> Finally, we conclude that appellant could not raise a *Colon* challenge here because he did not exercise his constitutional right to a jury trial, but rather entered pleas of guilty. This court recently held in *State v. Palacios,* 10th Dist. No. 08AP-669, 2009-Ohio-1187, ¶ 19, that when the defendant enters a guilty plea, structural error does not occur. Accord *State v. Johnson,* 5th Dist. No.2008-CA-00110, 2009-Ohio-105 (on appeal from guilty plea and conviction for second- and third-degree robbery, concluding, in part, that *Colon I* did not compel finding of structural error); *State v. Smith,* 6th Dist. No. L-07-1346, 2009-Ohio-48 (on appeal from guilty plea and conviction for second-degree robbery, distinguishing the structural errors at issue in *Colon I); State v. Hayden,* 8th Dist. No. 90474, 2008-Ohio-6279 (on appeal from denial of motion to withdraw guilty plea, distinguishing *Colon I* ).

*State v. Peeks, supra,* 2009 WL 840662. Respondent initially contended that this claim is procedurally defaulted, under Ohio's doctrine of *res judicata. See Return of Writ*, at 9. Petitioner clarifies, however, that he is not raising in these proceedings a claim under *Colon*, but instead asserts the denial of his constitutional right to due process, notice of the charges against him and right to indictment by a grand jury. *See Brief in Support*, Doc. No. 12.[2]

---

[2] Arguably, since the state appellate court addressed petitioner's claim under state law only, this Court must conduct a *de novo* review:

> There are three options: the deferential standard [or review] provided under §2254(d); the *de novo* standard, and the "intermediate approach." *See Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir. 2003) *(de novo); Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir. 2000), *cert. denied,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001) (discussing alternate standards); *McKenzie v. Smith,* 326 F.3d 721, 726-27 (6th Cir. 2003), *cert. denied,* 540 U.S. 1158, 124 S.Ct. 1145, 157 L.Ed.2d 1057 (2004) (same); *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir. 2005) (same). The gist of circuit precedent is that when there is a decision, deference is accorded under § 2254(d) to the state court decision under the "intermediate approach." *Maldonado v. Wilson,* 416 F .3d 470, 476 (6th Cir. 2005); *Howard,* 405 F.3d at 467. When there is no decision or "no results," federal review is *de novo. See Wiggins v. Smith,* 539 U.S. at 534, 123 S.Ct. at

To the extent that petitioner alleges a violation of state law or the Ohio Constitution, such claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted.

---

2542 *(de novo* when there was no state court decision on second prong of *Strickland* test). When the state court has failed to articulate a decision or provide a rationale, the district court must distinguish between a situation of "no results" from that of "no reasoning". *Howard v. Bouchard,* 405 F.3d at 467; *McKenzie,* 326 F.3d at 727. As illustrated in McKenzie, the "no reasoning" situation occurs when the state court has issued a summary order, which fails to explain its reasoning, as opposed to the situation where no state court has "directly addressed the specific issue." In the latter situation there are "no results" for the federal court to defer, and de novo review by the federal court is required. See *Wiggins v. Smith,* 539 U.S. at 534, 123 S.Ct. at 2542; *McKenzie,* 326 F.3d at 727.

*Socha v. Wilson*, 447 F.Supp.2d 809, 819 (N.D. Ohio 2007). However, regardless which standard of review is applied, petitioner's claim lacks merit.

*Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir. 1988).

Petitioner also argues that he was denied his right to indictment by a grand jury. The Fifth Amendment to the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.

U.S. Const. amend. V. However, that constitutional provision applies only to the federal government and has not been made applicable to the States. *Branzburg v. Hayes,* 408 U.S. 665 (1972); *see also William v. Haviland,* 467 F.3d 527, 531 (6th Cir. 2006). Petitioner therefore had no federal constitutional right to be charged by way of indictment.

Additionally, due process mandates that a criminal defendant be provided fair notice of the charges against him so that he may adequately prepare a defense. *Lucas v. O'Dea,* 179 F.3d 412, 417 (6th Cir. 1999); *Koontz v. Glossa,* 731 F.3d 365, 369 (6th Cir.1984).

> Fair notice has been given when "the offense [is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial."

*Williams v. Haviland, supra*, 467 F.3d at 535. Such were the circumstances here. *See Exhibit 1 to Return of Writ.* Further, petitioner waived his right to challenge any defect in the indictment by virtue of his guilty plea. *See Tollet v. Henderson*, 411 U.S. 258, 260-67 (1973); *United States v. Boyd*, 259 F.Supp.2d 699, 708 (W.D. Tenn. 2003)(defective indictment defense waived by entry of guilty plea).

13

## INEFFECTIVE ASSISTANCE OF COUNSEL

Although petitioner does not raise this claim in his initial habeas corpus petition, he asserts in his brief in support, *see* Doc. No. 12, that he was denied the effective assistance of counsel because his attorney failed to object to the imposition of consecutive sentences and to the indictment's failure to allege a particular mens rea, and because his attorney failed to raise these claims on direct appeal. This claim has never been presented to the state courts. However, for the reasons discussed *supra,* this claim plainly lacks merit.[3]

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz,* 828 F.2d 1177 (6th

---

[3] 28 U.S.C. 2254(b)(2) provides:

An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.*, at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983)).

For the reasons stated *supra,* petitioner's claims regarding the imposition of consecutive sentences and an allegedly defective indictment are without merit. The fact that petitioner's counsel failed to raise or preserve these claims was not a function of

counsel ineffectiveness and did not result in prejudice to petitioner. Therefore, petitioner has failed to establish the ineffective assistance of counsel under *Strickland*.

The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

March 9, 2010                                              *s/Norah McCann King*
                                                          Norah McCann King
                                                          United States Magistrate Judge